## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MELISSA INSOFT and
PARKER INSOFT (P.I.),

        Plaintiffs,

v.                             Case No. 8:24-cv-1988-WFJ-TGW

HISCOX INS. CO.,

        Defendant.

_____/

### REPORT AND RECOMMENDATION

        The plaintiffs claim that the defendant breached its duty to defend its insured, Overwatch Security Group, in a lawsuit alleging that Overwatch was negligent in providing security services on a school trip, resulting in plaintiff, P.I., being bullied and sexually abused by two classmates. The defendant filed a Motion to Dismiss this lawsuit, arguing that, as a matter of law, it did not wrongfully fail to defend Overwatch because there is no coverage for this incident under the Policy's Sexual Misconduct Exclusion Endorsement.

        Viewed in the light most favorable to the plaintiffs, the Sexual Misconduct Exclusion applies to the underlying lawsuit. Therefore, the defendant did not wrongfully refuse to defend Overwatch in connection with

this matter.   Accordingly, I recommend that the Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 23) be granted.

I.

Plaintiff Melissa Insoft is a parent to plaintiff P.I., a minor child, who attended Imagine School in Lakewood Ranch, Florida, during the 2018-2019 school year.[1]   Defendant Hiscox Insurance Company issued to Overwatch Security Group the Security Guards Professional Liability and General Liability Insurance Policy, no. MPL2155142.20 (the Policy) (see Doc. 1-4).

On or about May 28, 2019, P.I. participated in an overnight school trip.  Overwatch was subcontracted to provide security services at the hotel, including patrolling the corridors of the hotel.

While in the hotel room, PI was bullied and sexually abused by two classmates (Doc. 23-1, ¶15).  "[O]nce the bullying and sexual abuse began, P.I. made noise, shouted, and struggled" (id., ¶17).  However, the Overwatch employee patrolling the corridor outside P.I.'s hotel room failed to identify any problem and, at some point, told the boys to "quiet down" (id., ¶22). Furthermore, "[d]uring the course of the assault, P.I. asked to be

---

[1] The statement of facts assumes the allegations in the complaint are true.  Page citations correspond with the pagination assigned by CM/ECF.

allowed to leave the room and go to his mother's room, but he was told by the Overwatch employee that he could not leave and thereafter returned to his room" (id., ¶24). "[A]t one point during the night, one of the perpetrators pushed him against a wall and attempted to forcibly rape him" (id., ¶25).

In November 2020, Melissa Insoft (M.I.) filed a lawsuit against Overwatch alleging that it was negligent in connection with this incident. See M.I., individually and as parent and guardian of P.I., a minor, v. Imagine-East Manatee County, LLC, et al., No. 2020-CA-04286 (Fla. 12th Jud. Cir. Ct., Manatee Co., Fla.) (the underlying lawsuit). She alleged in that complaint that Overwatch breached its duty of care by "[f]ailing to prevent … [P.I.] from being physically, mentally, and sexually abused by his classmates" (Doc. 23-1, ¶49a). The plaintiff also asserted a claim of Loss of Parental Consortium and Parental Damages for the Care and Treatment of Minor Child.

Overwatch notified Hiscox of the allegations and sought coverage under the Policy (see Doc. 1-4, p. 6). The Security Guards Professional Liability (PL) part of the policy covers a breach of any duty of care in providing security services,[2] but it contains several exclusions (id.,

---

[2] The Professional Liability (PL) part pertinently provides (Doc. 1-4, p. 12):
We will pay up to the coverage part limit for damages and claim expenses in excess of the retention for covered claims against you alleging a negligent act, error, or (continued)

pp. 14-17). Hiscox declined to defend Overwatch, stating that there was no coverage for the claim under the Policy's Sexual Misconduct Exclusion Endorsement (Exclusion) (see Doc. 1-1, p. 7, Section VI, ¶22). The Sexual Misconduct Exclusion precludes coverage for, among other things, claims based upon, or arising out of, mistreatment of a sexual nature (see Doc. 1-4, §VI, ¶22).

Overwatch subsequently settled the underlying lawsuit. The parties entered into a Settlement Agreement and Stipulation for entry of Final Judgment in favor of plaintiff Melissa Parker for one million dollars and the assignment of Overwatch's rights in the Policy to the plaintiff (see Doc. 1-1, pp. 9-13).

This lawsuit followed. Melissa Insoft and Parker Insoft, as assignees of the Policy, allege that Hiscox breached its contract with Overwatch by wrongfully refusing to accept Overwatch's tender of the defense and settlement (id., p. 3). The plaintiffs seek to recover one million dollars under the Coblentz agreement. The defendant removed the lawsuit to this Court (Doc. 1).

---

omission in your security services performed on or after the retroactive date, including but not limited to ... [a] breach of any duty of care....

4

The defendant has filed a Motion to Dismiss Plaintiffs' Complaint alleging that, as a matter of law, it did not wrongfully refuse to defend Overwatch because there is no coverage under the Policy's Sexual Misconduct Exclusion (Doc. 23, pp. 14-18). The plaintiffs oppose this motion (Doc. 30). The defendant filed a reply (Doc. 35). The motion was referred to me.

I subsequently held oral argument on the motion, during which the parties agreed to limit the theory of coverage to the Professional Liability Coverage (PL) part of the Policy. Thus, the arguments in their memoranda regarding the General Liability part of the Policy are no longer relevant to this action.

## II.

A. A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted).

This "plausibility standard" requires a showing of "more than a sheer possibility" that the defendant is liable on the claim. <u>Id</u>. "Dismissal is

therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted).

On a Rule 12(b)(6) motion to dismiss, the pleadings are construed broadly, and the allegations in the complaint are viewed in the light most favorable to the plaintiff. Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007).

B. An insurer's duty to defend involves the evaluation of the four corners of the insurance policy and the four corners of the underlying complaint. Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc., 721 Fed. Appx. 847, 854 (11th Cir. 2017).[3] The duty to defend "arises when the relevant pleadings allege facts that 'fairly and potentially bring the suit within policy coverage.' " Lawyers Title Ins. Corp. v. JDC (Am.) Corp., 52 F.3d 1575, 1580 (11th Cir.1995) (internal quotation omitted). Additionally, insurers must defend the entire lawsuit when the allegations are partially within and partially without the scope of coverage. Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc., supra, 721 Fed. Appx. at 854.

---

[3] This parties agree that Florida law controls this diversity action.

When, as here, the insurer relies on an exclusionary clause to deny coverage, it is the insurer's burden to prove the exclusion is applicable. LaFarge Corp. v. Travelers Indem. Co., 118 F.3d 1511, 1516 (11th Cir. 1997). Specifically, the insurer has the heavy burden of showing "that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." Cincinnati Specialty Underwriters Ins. Co. v. KNS Grp., LLC, No. 21-13628, 2022 WL 5238711 at *4 (11th Cir. Oct. 6, 2022) (quotations and citation omitted).

III.

The breach of contract claim requires the plaintiffs to establish (1) there was a valid contract, (2) a material breach of the contract, and (3) damages resulting from the breach. Beck v. Hazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999).

The defendant argues that the plaintiffs cannot establish that it materially breached the contract when it refused to defend Overwatch in the underlying lawsuit because the incident is excluded from coverage under the Policy's Sexual Misconduct Exclusion. The Exclusion states pertinently (Doc. 1-4, §VI, ¶22) (emphasis added):

> We will have no obligation to pay any sums under this Coverage Part, including any damages or claim expenses, for any claim: ....

7

> 22. <u>based upon or arising out of</u> any actual, alleged, or threatened abuse, molestation, harassment, mistreatment, or maltreatment of a sexual nature ....

The underlying lawsuit alleges that the plaintiff was subjected to "bullying, coercion and sexual abuse by two classmates" and that a classmate attempted to forcibly rape him (Doc. 23-1, ¶¶15, 25; <u>see also</u> ¶50). Thus, on the face of the complaint, the Sexual Misconduct Exclusion applies because it is based upon, and/or arising out of, misconduct of a sexual nature.

The crux of the plaintiffs' argument is that P.I. was also subject to <u>non-sexual</u> bullying during the incident, such as hitting and berating, which renders the Sexual Misconduct Exclusion inapplicable. <u>See Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.</u>, <u>supra</u>, 721 Fed. Appx. at 854 (When allegations are partially within and partially without the scope of coverage, the defendant has a legal duty to defend the lawsuit.).

Initially, I note that the factual allegations in the underlying complaint are sparse, and the complaint does not specify the type of bullying that occurred during the incident. Nonetheless, viewing the underlying complaint most favorably to the plaintiffs, the complaint could reasonably be construed as including bullying of a non-sexual nature.

The defendant responds that the Exclusion also encompasses alleged non-sexual bullying because it "arises out of" misconduct of a sexual

8

nature (see Doc. 23, p. 18; Doc. 1-4, §VI, ¶22) (claims "based upon or arising out of" mistreatment of a sexual nature are excluded from coverage).

Importantly, Florida's definition of "arising out of" is wide-reaching.  As the Eleventh Circuit summarized:

> The Florida Supreme Court held that the phrase "arising out of" ... should be interpreted broadly. The court declared that "the term 'arising out of' is broader in meaning than the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection with.' "  To have arisen out of something, there must be "some causal connection, or relationship" that is "more than a mere coincidence" but proximate cause is not required.  "[T]he phrase 'arising out of' contemplates a more attenuated link than the phrase 'because of.' "

James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1275 (11th Cir. 2008) (citations omitted).  Applying the definition of "arising out of," the defendant argues that "[a]s plead, any non-sexual acts were 'connected' to and part and parcel of the sexual acts. P.I.'s claims for bullying, humiliation, and physical and mental abuse are not plead to have occurred independent in any way from the alleged sexual misconduct" (Doc. 35, p. 6). I agree.

Thus, it is alleged that, P.I., "while in his hotel room P.I. was subjected to bullying, coercion, and sexual abuse by these two classmates,"

9

and that "once the bullying and sexual abuse began," he took steps to protect himself, including making noise, shouting, and struggling (Doc. 23-1, ¶15, 17). The only reasonable interpretation of these allegations is that the non-sexual bullying was connected to, and intertwined with, the sexual abuse. See <u>James River Ins. Co.</u> v. <u>Ground Down Eng'g, Inc.</u>, <u>supra</u>, 540 F.3d at 1275.

A <u>fortiori</u>, the allegations of non-sexual bullying "arose out of" misconduct of a sexual nature, and the Exclusion applies to relieve the defendant of the duty to defend Overwatch in the underlying lawsuit. <u>See</u> <u>id</u>.

The plaintiffs argue that non-sexual bullying should be evaluated in isolation from the sexual abuse, <u>i.e.</u>, the misconduct should be viewed as separate occurrences. However, as plead, the non-sexual bullying and sexual abuse alleged are clearly connected.

This determination is buttressed by U.S. District Judge William F. Jung's decision in the related case of <u>Melissa Insoft and Parker Insoft</u> v. <u>Steadfast Ins. Co.</u>, No. 24-cv-1817-WFJ-SPF; 2025 WL 826718 at *3 (M.D. Fla). Steadfast insured Sonshine Educational Tours, which organized this school trip. Steadfast refused to defend Sonshine in the same underlying lawsuit based on a Sexual Abuse Exclusion in its policy. Judge

10

Jung granted Steadfast's motion for summary judgment, holding that Steadfast had no duty to defend Sonshine based on its Exclusion.

Although Steadfast's Sexual Misconduct Exclusion is broader than Hiscox's,[4] Judge Jung pertinently found that the alleged non-sexual bullying "<u>arises, at least in part,</u> from alleged sexual abuse" 2025 WL 826718 at *4 (emphasis added). Similarly, the alleged non-sexual bullying in this case "arises out of" the allegations of sexual abuse.

The plaintiff, in its opposition, relies heavily on the Eleventh Circuit's decision in <u>Guideone Elite Ins. Co.</u> v. <u>Old Cutler Presbyterian Church, Inc.</u>, 420 F.3d 1317 (11th Cir. 2005) (Guideone). However, <u>Guideone</u> is inapposite.

In <u>Guideone</u>, the plaintiff was kidnapped, raped, battered, falsely imprisoned, and assaulted in a van. <u>Id</u>. at 1321-22. The insurance policy excluded coverage for injuries "arising out of or resulting from any actual or alleged act of sexual misconduct of any kind." <u>Id</u>. at 1328. The Eleventh Circuit held that the policy exclusion did not apply to the non-sexual acts because they occurred independently of the sexual acts. <u>See</u> <u>id</u>. at 1328-29. However, as discussed <u>supra</u>, pp. 9-10, in this underlying case

---

[4] Steadfast's Sexual Misconduct Exclusion more broadly excluded from coverage a claim or lawsuit "based upon or arising, in whole or in part, out of any alleged, actual or threatened Sexual Abuse or Sexual Harassment ...." 2025 WL 826718 at *1.

the alleged non-sexual bullying and sexual abuse are linked (see, e.g., Doc. 23-1, p. 4) (P.I. shouted "once the bullying and sexual abuse began"). Notably, U.S. District Judge William F. Jung also found Guideone distinguishable under these circumstances. See Melissa Insoft and Parker Insoft v. Steadfast Ins. Co., 2025 WL 826718 at *3 (Guideone "focus[es] on discrete acts and injuries of either a sexual or non-sexual nature.").

In sum, the defendant met its burden to show "that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." See Cincinnati Specialty Underwriters Ins. Co. v. KNS Grp., LLC, supra, 2022 WL 5238711 at *4. Therefore, the defendant had no duty to defend Overwatch in the underlying lawsuit.

IV.

Finally, the defendant argues that the complaint should be dismissed for failure to identify the provisions of the insurance policy that it allegedly breached (Doc. 23, pp. 13-14). If the recommendation to dismiss for lack of coverage is not accepted, I recommend that the complaint be dismissed without prejudice to the plaintiff filing an amended pleading which specifies the breach of contract claim is based on the PL part of the

12

Policy and identifies the provision(s) of the Policy upon which the claim is based.

V.

For the foregoing reasons, I recommend that the Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 23) be granted.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MAY 7, 2025.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.